UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES WEBB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00034-WTL-DKL |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of James Webb for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 13-10-0028. For the reasons explained in this Entry, Webb's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

Webb was charged with violating prison rules by possessing a dangerous or deadly weapon. He was found guilty of the charge. The evidence supporting this finding was the Report of Conduct, staff reports, a photograph of the weapon and the written statement Webb provided. The Conduct Report states:

> On 10/3/13 I c/o Stuppy was preparing to do a shakedown in GHU cell 216. Both offenders were escorted to the shower to be stripped searched. I c/o Stuppy searched offender Webb, James 920832. During the search I noticed offender Webb take something from the waistband of his underwear & stick it behind him in the buttocks area, I then told offender Webb to turn around. He again went to his back with his right hand. At this time I gave offender Webb an order to give me whatever he had in his hand. He then dropped a sharpened rod, sharpened on one end with the other end rolled into a handle. I told offender Webb to toss it out of the shower he complied. I then placed the rod in my pocket.

Correctional Officer M. Petty provided a witness statement that corroborates the Conduct Report. Webb submitted the following written statement, dated October 10, 2013:

> On Dec. 25, 2011 I woke up in the outside hospital with my head busted open and my teeth knot [sic] out of my mouth.
> On Dec. 27, 2011 I.A. interview me in the prison hospital and ask me what happen. I thought I fell off the bed, because I didn't know. I did not remember! At that time I was told by I.A. that I was attack by the guy in the cell with me.
> To this day I don't know why I was attack and don't remember the attack, but I was almost kill that night!
> For that reasons I will always protect myself. As long as I'm in a two man cell, I will defend myself. Self Defense!
> I didn't know the man, and gave him no reason to almost kill me, but I.A. said that what he did. I will not allow it to happen again! I will protect myself.
> I don't sleep at night, most night I get 2 or 3 hours of sleep. I have to fall out from being tired or get drunk to get some sleep in a two man cell!
> This is killing my health, so at this time I ask to be place back on the SHU or move to MCC. Staying up all night, worry about being attack is really hurting my health!

The hearing officer conducted a disciplinary hearing in WDV 13-10-0028 on October 11, 2013. In the space on the Report of Disciplinary Hearing for the offender's comment, the hearing officer

wrote "Under this C/R Offender Webb submitted a witness statement. The statement said he will protect himself at all times." The hearing officer found Webb guilty of class A offense 106, possession of a weapon. In making this determination, the hearing officer considered staff reports, the statement of the offender, the confiscation form, pictures, witness statements, and physical evidence, specifically the metal rod. The hearing officer recommended and approved sanctions including a written reprimand, a one month loss of commissary privileges, disciplinary segregation for six months, an earned credit time deprivation of 45 days, and a demotion from Credit Class 1 to Credit Class 2 which was suspended. The Report of Disciplinary Hearing states that Webb was unable to sign the Report because he was in segregation.

### C. Analysis

The only claim Webb raises in his petition for writ of habeas corpus is that he was denied a disciplinary hearing. His petition states:

> On Oct 11, 2013, a officer came to my cell (306) told me to get ready for my CAB hearing. I told the officer that I had a statement I wanted to be made a part of the record and handed him my statement through the door. I was never taken to the hearing. I ask that the tape from the range be look at on appeal, to show that I was never taken from my cell (306) on Oct 11, 2013. I never sign the CAB hearing report or Screening Report or Write-up.

It is unclear from the present record why Webb was not present for his disciplinary hearing. But regardless of the reason whether benign or nefarious, Webb was not denied due process. He was given the opportunity to present evidence in his defense at the disciplinary proceeding and his statement was considered.

Further, even if Webb's failure to attend the hearing was error, it was harmless error. A due process error in a habeas corpus case is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995). Webb cannot

show that not being present at the hearing had a substantial and injurious effect on the outcome of the proceeding. Webb does not contend that he was going to call any witnesses or present any physical evidence. Additionally, his written statement was considered by the hearing officer when he found Webb guilty of possession of a weapon. Given the overwhelming evidence, and Webb's own statement, Webb's attendance at the hearing would not have changed the course of the hearing or altered the outcome.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no constitutional infirmity in the proceeding which entitles Webb to the relief he seeks. Accordingly, Webb's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/20/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES WEBB
920832
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel